UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JAMES REER,                         )
                                    )
        Plaintiff                   )
                                    )
v.                                  )      Civil No. 08-21-P-S
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
        Defendant                   )

## MEMORANDUM DECISION ON MOTION TO EXTEND TIME AND RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES

After securing an award of past-due Social Security Disability ("SSD" or "Title II") benefits before the commissioner following this court's remand of his case, the plaintiff applied for an award of attorney fees pursuant to 42 U.S.C. § 406(b). *See* Plaintiff's Motion for Award of § 406(b) Fees ("Fee Motion") (Docket No. 24). The commissioner objected on the sole ground that the fee petition was untimely, *see* Defendant's Response in Opposition to Plaintiff's Motion for an Award of Section 406(b) Attorney Fees ("Fee Response") (Docket No. 28), whereupon the plaintiff filed a motion to extend time *nunc pro tunc* to file the petition, *see* Plaintiff's Motion for *Nunc Pro Tunc* Extension of [Time] To File for an Award of § 406(b) Fees ("Motion To Extend") (Docket No. 29). For the reasons that follow, I grant the Motion To Extend and recommend that the Fee Motion be granted in the requested amount of $7,299.50, with the proviso that the plaintiff's counsel remit to his client a sum equal to the court's prior award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

1

## I. Motion To Extend

Local Rule 54.2 provides: "[A]ny application for fees under 42 U.S.C. §406(b) in a Social Security appeal pursuant to 42 U.S.C. §405(g) that results in a remand under either sentence four or six of 42 U.S.C. §405(g) shall be filed within 30 days of the date of the Commissioner of Social Security's notice of award that establishes both that there are past due benefits and the amount thereof." Loc. R. 54.2.

The plaintiff's case was remanded pursuant to sentence four of 42 U.S.C. § 405(g). *See* Docket Nos. 16-18. Following remand, the plaintiff was notified, by notice from the commissioner dated September 28, 2009, that he had secured an award of past-due SSD benefits in the amount of $42,206. *See* Social Security Administration Retirement, Survivors, and Disability Insurance Notice of Award ("Award Notice") (Docket No. 24-1), Exh. 1 to Fee Motion, at 1, 3. The commissioner also, by notice dated January 16, 2010, made an award of past-due SSD benefits in the amount of $10,993 to a dependent of the plaintiff. *See* Social Security Administration Retirement, Survivors, and Disability Insurance Notice of Award ("Award Notice/Dependent") (Docket No. 24-2), Exh. 2 to Fee Motion, at 1, 5. The fee petition with respect to the plaintiff's award accordingly was due by October 28, 2009, and the fee petition with respect to his dependent's award was due by February 15, 2010. The plaintiff filed the instant motion, seeking fees as to both, on April 20, 2010. *See* Docket No. 24.

The plaintiff's counsel acknowledges that the petition is untimely and that "he inadvertently overlooked the application of the rule[,]" which the commissioner's counsel has now brought to his attention. *See* Motion To Extend at 1. However, he argues that the rule should not be applied in such a manner as to deprive him of the fees in question because (i) he had a valid contract with his client providing for payment of the fee, (ii) he worked hard over an

extended period of time to obtain benefits for his client, (iii) there is no prejudice to any party from the oversight, (iv) no case before this court has ever considered or discussed the application of Local Rule 54.2 to fees in Social Security cases, (v) the commissioner never previously raised a timeliness issue in connection with a section 406(b) fee application, instead confining his role to acting as *amicus* with respect to the appropriateness of the hourly rate to be paid, and (vi) this court acknowledged in *Quimby v. Astrue*, Civil No. 04-33-B-W, 2010 WL 817464 (D. Me. Mar. 4, 2010) (rec. dec., *aff'd* Mar. 24, 2010), that the appropriate inquiry in these cases is simply reasonableness. *See id*. at 1-2.

The commissioner opposes the Motion To Extend, reasoning that (i) to ignore the transgression of "inadvertently overlook[ing] the application of the rule" would have the effect of revoking it, (ii) this court has adverted to Local Rule 54.2 in the context of a Social Security appeal, observing in a footnote that an appeal had been timely filed, *see Kelly v. Astrue*, No. 06-168-P-S, 2008 WL 3200664, at *1 n.2 (D. Me. Aug. 7, 2008) (rec. dec., *aff'd* Aug. 26, 2008) ("While the commissioner has lodged no objection on timeliness or other grounds, I note that the Motion [for fees] was timely filed pursuant to Local Rule 54.2[.]"), and (iii) *Quimby* does not stand for the proposition that the court has implicitly revoked Local Rule 54.2 or that the commissioner has generally waived any objection to a fee petition on that ground. *See* Defendant's Response to Plaintiff's Motion for *Nunc Pro Tunc* Extension of [Time] To File for an Award of § 406(b) Fees ("Extension Response") (Docket No. 31) at 2-3.

As a threshold matter, it is entirely appropriate for the commissioner *or* the court to raise, and for the court to consider, whether a section 406(b) fee petition has been timely filed. *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (although commissioner has no direct stake in 406(b) fee question, he or she "plays a part in the fee determination resembling that of a

trustee for the claimants"); *Sewell v. Barnhart*, No. 01-1274-JTM, 2009 WL 1870886, at *1-*2 (D. Kan. June 29, 2009) (denying section 406(b) petition on basis of point raised by commissioner regarding untimely filing; observing, "Courts have uniformly permitted the Commissioner to participate as a party under § 406(b) attorney fee litigation to represent the interests of claimants and to ensure the proper administration of the statutory scheme."); *see also, e.g., NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 6 (1st Cir. 2002) ("district courts enjoy broad latitude in adopting and administering" local rules and "may, where appropriate, demand adherence to specific mandates contained in the rules") (citations and internal punctuation omitted). *Quimby*, in which the issue of the timeliness of the fee petition was never raised by counsel or the court, does not hold otherwise.

The question presented, therefore, is whether, in the circumstances, Local Rule 54.2 ought to be strictly enforced. In the context of the Motion To Extend, neither the plaintiff nor the commissioner identifies a standard by which the court should adjudicate that point. *See generally* Motion To Extend; Extension Response. In his reply brief filed in support of his Fee Motion, the plaintiff invokes Federal Rule of Civil Procedure 83. *See* Plaintiff's Reply re Award of § 406(b) Fees ("Fee Reply") (Docket No. 30) at 3. However, Rule 83, which addresses matters of form rather than time limits, is inapposite. *See* Fed. R. Civ. P. 83(a)(2) ("A local rule imposing *a requirement of form* must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply.") (emphasis added).

Federal Rule of Civil Procedure 6(b) squarely addresses the question of whether a filing deadline ought to be extended, supplying, in my view, the appropriate decision-making standard: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of

excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also, e.g., Granville v. Astrue*, Civil Action No. 07-1505, 2010 WL 440092, at *1 (W.D. La. Feb. 4, 2010) (considering whether counsel, in filing tardy section 406(b) fee petition, had satisfied "excusable neglect" standard set forth in Rule 6).

The determination of "what sorts of neglect will be considered 'excusable[]' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (footnote omitted). "These include . . . the danger of prejudice to [other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.

The plaintiff's counsel's reason for his delay, "the most pivotal factor" in the analysis, *Dimmitt v. Ockenfels*, 407 F.3d 21, 25 (1st Cir. 2005), is the weak link in his bid for an extension of time. He neglected to familiarize himself with, let alone abide by, the filing deadline clearly set forth in Local Rule 54.2. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect[.]" *Pioneer*, 507 U.S. at 392. *See also, e.g., Robinson v. Wright*, 460 F. Supp.2d 178, 180-82 (D. Me. 2006) (declining to find excusable neglect in tardy filing of summary judgment opposition resulting from counsel's busyness with other litigation matters despite counsel's apparent good faith, the lack of prejudice to other side, and a relatively short delay; stating, "The Court is not anxious to impose draconian substantive sanctions for procedural defaults; however, absent some colorable basis for finding excusable neglect, the Court is left with neglect alone, an excuse which, as a matter of law, is not enough.").

Nonetheless, I exercise discretion in this case to refrain from strictly enforcing Local Rule 54.2. First, other *Pioneer* factors weigh in favor of leniency. Unlike in the case of a tardy filing of a summary judgment response, there is absolutely no danger of prejudice to any party or of congestion or delay of the court's docket. The case is closed: the only remaining matter is that of attorney fees. Nor is there any question of bad faith on the part of the plaintiff's counsel, who represents that he neglected fee filings at least in part because he gave those filings lower priority than trying to complete and file pleadings for clients on a timely basis at a time when the volume of Social Security appeal work before this court has risen sharply. *See* Fee Reply at 3.

Second, the plaintiff's counsel's poor excuse for his tardiness is offset in part by public policy considerations peculiar to this type of claim. Section 406(b) reflects, in part, an underlying congressional policy of "encourag[ing] effective legal representation of claimants by insuring lawyers that they will receive reasonable fees[.]" *Bergen v. Commissioner of Soc. Sec.*, 454 F.3d 1273, 1276 (11th Cir. 2006) (citation and internal quotation marks omitted). Counsel for the commissioner has not heretofore raised the question of the timeliness of section 406(b) fee petitions filed in this court, and, apart from a passing reference in a footnote in one case, this court has not itself enforced Local Rule 54.2 *sua sponte* in the context of section 406(b) fee petitions. Considerations of fairness and public policy, including the encouragement of lawyers to take these kinds of cases, counsel against the harsh result of forfeiture of section 406(b) fees, without notice to the Social Security bar that plaintiff's counsel henceforth risk that consequence if they do not timely file section 406(b) fee petitions pursuant to Local Rule 54.2.

This decision, as well as a parallel decision issued today in a companion case, *Richardson v. Astrue*, Civil No. 07-62-P-H, shall serve as such notice to the bar.

For the foregoing reasons, the plaintiff's motion to extend his time for filing a section 406(b) petition *nunc pro tunc* to April 20, 2010, is **GRANTED**.

## II. Fee Motion

### A. Factual and Procedural Background

On September 18, 2008, the plaintiff executed a contingent fee agreement with the law firm of Jackson & MacNichol in connection with his appeal to this court of the commissioner's adverse decision. *See* Contingent Fee Agreement for Representation Before the Court With the Law Firm of Jackson & MacNichol ("Fee Agreement") (Docket No. 24-3), Exh. 3 to Fee Motion. The Fee Agreement provided, in relevant part: "Client agrees to pay a fee equal to twenty five percent (25%) of the total amount of any past-due benefits awarded to Client, to include any dependents benefits, subject to the approval of said fee by the court." *Id.* ¶ 3(A).

On September 9, 2008, following the plaintiff's filing of a statement of errors, the commissioner filed an unopposed motion for remand, which the court granted, entering a judgment that day vacating the adverse decision of the commissioner and remanding the case for further proceedings. *See* Docket Nos. 16-18. On October 15, 2008, the court granted a consent motion for approval of a settlement agreement pursuant to which the plaintiff was awarded a total of $4,900 under the EAJA. *See* Docket Nos. 20-21. The plaintiff represents, and the commissioner does not contest, that this award consisted of $4,550 in attorney fees and $350 in reimbursement of filing fees paid by his counsel. *See* Fee Motion at 5 n.4, 6; Fee Response.

The plaintiff prevailed on remand, and he and a dependent were awarded a combined total of $53,199 in past-due SSD benefits. *See* Award Notice at 3; Award Notice/Dependent at 5. He now seeks an award pursuant to section 406(b) of $7,299.50, which, together with a fee of

7

$6,000 approved by the commissioner for work at the administrative level, equals $13,299.50, approximately 25 percent of the combined past-due benefits award. *See* Fee Motion at 1.

The plaintiff's counsel's statement of work performed in this court indicates that Jackson & MacNichol expended eight hours of attorney time, billed at $167.50 per hour, and attorney Sarah H. Bohr expended 22 hours of attorney time, for a total of 30 hours of attorney time, to obtain the remand order that eventually led to the plaintiff and his dependent prevailing in further proceedings before the commissioner. *See* Invoice (Docket No. 24-4), Exh. 4 to Fee Motion.; Schedule of Hours of Sarah H. Bohr (Docket No. 24-5), Exh. 5 to Fee Motion.[1]

### B. Discussion

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

The making of an application for an award of attorney fees pursuant to the EAJA does not preclude an award of attorney fees pursuant to section 406(b). However, as the plaintiff and his attorney recognize, *see* Fee Motion at 3, 6, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant, *see, e.g., Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may

---

[1] The plaintiff's calculations of the total time of both Jackson & MacNichol and of Bohr are incorrect. He calculates 7.75 hours for Jackson & MacNichol and 24 hours for Bohr. *See* Docket Nos. 24-4 and 24-5. However, by my calculations, Jackson & MacNichol expended eight total hours, and Bohr 22 total hours, to obtain remand by this court. *See id.*

8

be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).

Because the money at stake in a section 406(b) request comes not out of the commissioner's pocket but rather that of the claimant, the court has an independent duty, even in the absence of an objection by the commissioner, to satisfy itself that a section 406(b) contingency fee is "reasonable[.]" *See, e.g., id* at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

As one might expect, the outer boundaries of a test of "reasonableness" are difficult to mark. However, this much is clear: Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case (thereby resulting in a windfall). *See id*. at 808; *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (*cited with favor in Gisbrecht*, 535 U.S. at 808).

There is no question in this case of substandard performance or improper conduct on the plaintiff's counsel's part. To the contrary, the plaintiff's counsel secured a significant victory for

his client. Hence, for purposes of assessing the reasonableness of the fee sought, I concern myself solely with whether the requested fee confers a windfall.

When addressing windfall concerns, this court has followed the precept that, "as a rule of thumb, a multiplier of two times a practitioner's usual and customary hourly rate provides adequate recompense for the taking of contingent fee risk without raising windfall concerns." *Ogle v. Barnhart*, No. 99-314-P-H, 2003 WL 22956419, at *6 (D. Me. Dec. 12, 2003) (rec. dec., aff'd Jan. 21, 2004). What this means, as a practical matter, is that requested fees falling within this multiplier are deemed reasonable, while requested fees exceeding it require analysis for windfall concerns and may or may not be judged reasonable depending on the circumstances of the individual case. This court has, for instance, approved a section 406(b) fee conferring an effective hourly fee of $498.56, nearly three times a practitioner's invoiced rate, for work performed in this court when the case involved a novel winning legal argument and counsel secured an excellent result. *See Quint v. Astrue*, Civil No. 05-135-B-W, 2008 WL 4905482, at *3 (D. Me. Nov. 12, 2008) (rec. dec., *aff'd* Dec. 4, 2008).[2]

The fee requested in this case of $7,299.50, when divided by the 30 hours of attorney time expended to obtain a remand from this court, yields an hourly rate of $243.32. That is significantly less than twice the billed hourly rate of $167.50 and, hence, implicates no windfall concerns.[3]

---

[2] This court also approved a requested section 406(b) attorney fee of $17,505.85 for nine hours worth of work in this court, an effective hourly rate of $1,943.09. *See Bisson v. Astrue*, Civil No. 08-182-P-S, 2009 WL 3633231, at *2 (D. Me. Oct. 30, 2009) (rec. dec., *aff'd* Nov. 23, 2009). However, the circumstances of counsel's engagement and the result he obtained in that case were deemed "unique" given that counsel took the case at a time that it was deemed hopeless by prior counsel and achieved an excellent result, garnering not only approximately $80,000 in past-due benefits but also an expected additional $220,000 in ongoing benefits for the remainder of the claimant's life. *See id*.

[3] The plaintiff performs his windfall calculation using a "nominal rate sought of $510.00 per hour[.]" Fee Motion at 5 n.4. The court will not take judicial notice of counsel's billing rates. "[T]he attorney for the successful claimant
*(continued on next page)*

## III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's motion to extend time to file his fee petition *nunc pro tunc* to April 20, 2010, and recommend that the court **GRANT** his request for a section 406(b) fee in the requested sum of $7,299.50, provided that the plaintiff's counsel be directed to remit to his client the sum of $4,550 previously awarded in EAJA attorney fees.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 20th day of July, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 507 U.S. at 807. I use the rate of $167.50, which is the only billing rate that the plaintiff's counsel has introduced into evidence. *See* Invoice.